UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

    Plaintiff,

v.                                             CASE NO. 08-14944
                                             HON. LAWRENCE P. ZATKOFF

MARTHA CRAIG DAUGHTREY et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT UNDER FED. R. CIV. P. 8

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff David Schied filed his pro se complaint on November 26, 2008. Currently before the Court is Plaintiff's request to proceed *in forma pauperis* [dkt 4]. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint under Fed. R. Civ. P. 8 with leave to amend.

### II. ANALYSIS

**A. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person

who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's request to proceed without prepayment of fees.

### B. DISMISSAL UNDER FED. R. CIV. P. 8

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. In this case, however, the Court cannot perform the required screening because the complaint as filed is in violation of Rule 8(a) of the Federal Rules of Civil Procedure, and therefore the Court will require Plaintiff to file an amended complaint.

Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims or defenses must be set forth "in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). What constitutes a "short and plain statement" depends "on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (3d ed. 2004). When cases are not pleaded "clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996). When faced with voluminous pleadings, "neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226–27 (D. Haw. 1971).

Plaintiff's complaint violates Rule 8. Plaintiff filed his civil-rights complaint on November 26, 2008, asserting claims for relief based on alleged injuries suffered by virtue of the disclosure of a 1977 felony charge that was later expunged from his record. According to Plaintiff, his employment as a teacher was terminated when his employer learned of the 1977 felony charge. Previously, Plaintiff unsuccessfully brought suit against his employer and individuals connected with the termination of his employment. In this suit, Plaintiff alleges that various federal employees, through perjury, malfeasance, conspiracy, and dereliction of duty, are acting in concert to "cover up crimes that have been repeatedly reported by this Plaintiff over the past two years." The complaint names 52 employees of the federal government as Defendants: (1) Martha Craig Daughtrey; (2) David William McKeague; (3) Gregory F. Van Tatenhove; (4) Stephen J. Murphy; (5) Terrence

Berg; (6) Rod Charles; (7) Andrew Arena; (8) Margaret Colgate Love; (9) Greg Abbott; (10) Michael Mukasey; (11) Marie O'Rourke; (12) Shanetta Y. Cutlar; and 40 fictitious "John Does." Despite alleging only six claims for relief against these Defendants, Plaintiff's complaint spans 194 pages, 374 paragraphs (excluding subparagraphs), 80 footnotes, and 80 exhibits.  Taken together, Plaintiff's complaint and exhibits total nearly 600 pages.  Although Plaintiff has numbered the complaint's paragraphs, those paragraphs often incorporate numerous factual allegations.  Further, Plaintiff devotes entire paragraphs to statements of law rather than factual averments.  Other paragraphs are conclusory and argumentative in nature.  Plaintiff also contorts the difference between alleged civil and criminal violations.  The complaint in its present form considerably exceeds what it needs to be in order to provide Defendants notice as to what Plaintiff is actually alleging.  *See Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D. Tenn. 1966) (dismissing complaint that was so prolix, loosely drawn, and involved that it was unintelligible).

In this case, Plaintiff is appearing pro se.  In such instances, the Court has a duty to construe Plaintiff's pleadings liberally.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  The Court is also aware of the requirement to construe pleadings "so as to do justice."  Fed. R. Civ. P. 8(e).  Despite these safeguards afforded to plaintiffs appearing pro se, it "is not the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Federal lawsuits cannot proceed on the basis of complaints such as Plaintiff's.  Accordingly, Plaintiff's complaint must be dismissed.  *See, e.g.*, *Mactec Eng'g & Consulting, Inc. v. Synergy Envtl., Inc.*, No. 04-04023, 2005 WL 950605 (E.D. Pa. April 25, 2005) (dismissing "179-paragraph monstrosity" but allowing plaintiff to amend); *Jackson v. Ashcroft*, No. 02-3957, 2004 WL 2674409 (N.D. Ill. Oct. 29, 2004)

4

(dismissing a 90-page, 304-paragraph complaint that contained an additional 700 pages of exhibits); *Echols v. Voisine*, 506 F. Supp. 15 (E.D. Mich. 1981) (dismissing a pro se plaintiff's complaint when it was 14 pages long and contained 24 pages of attachments).

### III. CONCLUSION

Therefore, for the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court HEREBY DISMISSES Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may file an amended complaint that complies with Fed. R. Civ. P. 8 within 30 days of the entry of this order.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  December 29, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 29, 2008.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290