UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

      Plaintiff,

v.                                                      CASE NO. 08-14944
                                                        HON. LAWRENCE P. ZATKOFF

MARTHA CRAIG DAUGHTREY et al.,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on February 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On November 26, 2008, Plaintiff, appearing pro se, filed his original complaint, which spanned 194 pages, 374 paragraphs (excluding subparagraphs), 80 footnotes, and 80 exhibits. Taken together, Plaintiff's initial complaint and exhibits totaled nearly 600 pages. On December 29, 2008, the Court dismissed Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8, but granted Plaintiff leave to file an amended complaint. This matter now comes before the Court on Plaintiff's "Motion to Demand this Court Read All Pleadings Plaintiff Files with this Court, and to Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, the Bill of Rights in Its Rulings" [dkt 11], Plaintiff's "Motion to Claim and Exercise Constitutional Rights, and Require the Presiding Judge to Rule Upon this Motion for All Public Officers of this Court to Uphold Said Rights" [dkt 12], and Plaintiff's "First Amended Complaint and Motion for Judge to

Disqualify Himself [and] Second Brief in Support of Motion for Order for Criminal Grand Jury Investigation" [dkt 13].

## II. ANALYSIS

A.  **FIRST AMENDED COMPLAINT AND MOTION FOR JUDGE TO DISQUALIFY HIMSELF [AND] SECOND BRIEF IN SUPPORT OF MOTION FOR ORDER FOR CRIMINAL GRAND JURY INVESTIGATION**

Plaintiff's complaint as amended still violates Fed. R. Civ. P. 8.  The amended complaint incorporates a separate and distinct motion (for the undersigned to disqualify himself), a brief in conjunction with another distinct motion (to order a criminal grand jury investigation), and spans 154 pages and 570 paragraphs.

The Court would ordinarily dismiss Plaintiff's amended complaint for failure to satisfy Fed. R. Civ. P. 8, but it is apparent that doing so would "not result in a substantially better drafted or more illuminating pleading."  5 Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217, p. 258 (3d ed. 2004).  Instead, the Court will accept the amended complaint but will strike several paragraphs that violate the Federal Rules of Civil Procedure.  First, the Court excises the motion for the undersigned to disqualify himself and the "Second Brief in Support of Motion for Order for Criminal Grand Jury Investigation."  Neither "motion" sets forth a cause of action; thus, they are improperly submitted in Plaintiff's amended complaint.  Therefore, the Court strikes paragraphs 1–50 of Plaintiff's amended complaint.  Nevertheless, in the interest of judicial economy, the Court will consider these motions below.

Next, despite the fact that the Court previously struck Plaintiff's original complaint for failure to abide by the Federal Rules of Civil Procedure, Plaintiff's amended complaint defiantly incorporates

> all paragraphs of the "original" Complaint filed in this case . . . inclusive of all allegations made against the co-defendants in this case and all other preceding and referenced by this case–and inclusive of all references to the Evidence already submitted in support of those allegations. All are repeated and re-alleged as if fully set forth herein verbatim.

As such, rather than complying with the Court's order to abide by Rule 8, Plaintiff has effectively expanded his complaint by incorporation. By virtue of the Court's December 29, 2008, Opinion and Order, however, Plaintiff's original complaint was dismissed. Therefore, Plaintiff may not incorporate it into later filings by reference. Accordingly, the Court strikes from Plaintiff's amended complaint the following paragraphs, each of which references or seeks to incorporate Plaintiff's original complaint: 63, 75, 154, 166, 194, 220, 221, 226, 242, 272, 273, 287, 343, 365, 385, 398, 428, 429, 496, 497, 500, 557, and 559.

The remainder of Plaintiff's amended complaint is lengthy and contains numerous legal citations and representations. In order to respond properly to each of the remaining paragraphs, Defendants will require more time than is contemplated by the Federal Rules of Civil Procedure. Therefore, the Court hereby ORDERS that each Defendant shall have 75 days from the applicable date of service to file an answer to Plaintiff's amended complaint.

### i.    *Motion for Judge to Disqualify Himself*

Plaintiff disputes the Court's characterization and abbreviation of the history of this matter in its December 29, 2008, Opinion and Order. Specifically, Plaintiff contends that the Court, by failing to recite each detail, "made [the] judgment Order 'unclear' about the true history of this case." Plaintiff also argues that requiring "an alleged 'CRIME VICTIM' to rewrite his own '600-page' painstaking Complaint" is unjust and that the Court should have done justice "by providing an *Order* for the investigation of even just ONE of the '*52 employees of the federal government*.'"

3

Finally, Plaintiff accuses the undersigned of committing "the same pattern by which this instant Complaint describes as 'CRIMINAL' by similar and/or 'complimentary' [sic] actions of the co-defendants against Plaintiff" by virtue of the Court's order of dismissal. For these and other related reasons, Plaintiff states that this Court's December 29 ruling has the appearance of prejudice and asks that the undersigned "properly remove himself from these proceedings."

A judge must recuse himself "if a reasonable, objective person, knowing all the circumstances, would have questioned [his] impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). "[I]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice must be *personal* or *extrajudicial*." *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. Appx. 340, 354 (6th Cir. 2008) (citing *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (emphasis in original)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). With respect to disqualification, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves . . . they cannot possibly show reliance on an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see also United States v. Grinnell Corp.*, 384 U.S. 563 (1966).

Plaintiff disagrees with the Court's decision to dismiss his original complaint because it violated Fed. R. Civ. P. 8 despite the fact that the Court provided Plaintiff with an opportunity to file an amended complaint that complied with the Federal Rules of Civil Procedure. Without more, Plaintiff's displeasure with the Court's decision is not a proper ground for disqualification.

Accordingly, Plaintiff's "Motion for Judge to Disqualify Himself" is DENIED.

### ii. Second Brief in Support of Motion for Order for Criminal Grand Jury Investigation

Plaintiff is adamant that his filing is a "COMPLAINT OF CRIMINAL MISCONDUCT, CONSPIRACY, FRAUD, RACKETEERING, and CORRUPTION." Federal criminal proceedings, however, rest solely on the authority and discretion of the United States Attorney and federal grand juries. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005). This Court, as a federal district court, has no authority or power to order that a criminal complaint be filed by the United States Attorney. *Milgrom*, 374 F. Supp. 2d at 529; *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). The Court understands that Plaintiff is appearing pro se and is not well-versed in matters of legal procedure, but it is well-established that a private individual may not file a criminal complaint in a United States District Court. *See, e.g.*, *Barr v. Camelot Forest Conservation Assoc.*, 153 Fed. Appx. 860, 862 (3d Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *Mercer v. Lexington Fayette Urban County Gov't*, 52 F.3d 325 (6th Cir. 1995); *Bansal v. Russ*, 513 F. Supp. 2d 264, 279–80 (E.D. Penn. 2007); *Forney v. Woodridge Hosp. & Johnson City Med. Ctr.*, 2005 U.S. Dist. LEXIS 37257, at *6 (E.D. Tenn. Sept. 14, 2005)*; see also United States ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975); *United States v. Panza*, 381 F. Supp. 1133, 1133 (W.D. Penn. 1973); *Brown v. Duggan*, 329 F. Supp. 207 (W.D. Pa. 1971); *United States ex rel. Spader v. Wilentz*, 25 F.R.D. 492 (D.N.J.), *aff'd,* 280 F.2d 422 (3d Cir.), *cert. denied* 364 U.S. 875 (1960)).

If the Court relies on Plaintiff's characterization of his complaint as criminal in nature, the Court would have to dismiss it. In the interest of justice, however, the Court construes Plaintiff's complaint as a civil matter that may properly proceed before this Court. Therefore, because the

Court lacks the authority or power to order a criminal grand jury investigation, the Court DENIES Plaintiff's "Motion for Order for Criminal Grand Jury Investigation."

**B.    MOTION TO DEMAND THIS COURT READ ALL PLEADINGS PLAINTIFF FILES WITH THIS COURT, AND TO ADHERE ONLY TO CONSTITUTIONALLY COMPLIANT LAW AND CASE LAW, AND MORE PARTICULARLY, THE BILL OF RIGHTS IN ITS RULINGS**

The Court, in carrying out its functions, always reviews all of the materials submitted to it prior to rendering its decisions. To date, the Court has reviewed the nearly 750 pages submitted by Plaintiff. Further, the Court applies only constitutionally-compliant law to each and every matter before it. Therefore, because the Court already performs the tasks Plaintiff demands, Plaintiff's motion is DENIED AS MOOT.

**C.    MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, AND REQUIRE THE PRESIDING JUDGE TO RULE UPON THIS MOTION FOR ALL PUBLIC OFFICERS OF THIS COURT TO UPHOLD SAID RIGHTS**

In this motion, Plaintiff seeks, among other things, an order for the Court to abide by its oaths, to provide due process of law, to provide equal protection, to respect, protect, and uphold Plaintiff's rights, and to acknowledge the Constitution of the United States of America as the Supreme Law of this Court. None of these requests are objectionable; rather, these requests merely state the role of the Court. Once again, because the Court already performs the tasks Plaintiff demands, Plaintiff's motion is DENIED AS MOOT.

To the extent that Plaintiff's motion does not recite the role of the Court, it contains generalized and inaccurate statements of law. In paragraph 7, for example, Plaintiff asks the Court

> [t]o acknowledge and so rule that any court and/or judge which denies a Citizen to present evidence in any hearing or trial in total support of his/her position, which evidence had previously been sent to Defendants and is unrebutted by Defendants and counsel is *perjury of Oath* and denial of due process of law. Since neither Defendant nor counsel rebut the EVIDENCE presented in this case, then there

> is no dispute; and since there is no dispute, there is no controversy; and since there is no controversy, Plaintiff is entitled to requested relief.

This paragraph does not represent a true and accurate statement of the law. For example, Plaintiff assumes that the existence of evidence necessarily results in a finding for Plaintiff. The sufficiency of evidence is not determined by Plaintiff, but by the Court pursuant to the Federal Rules of Evidence. Lastly, with respect to Plaintiff's representation that there is no dispute or controversy, Plaintiff has not averred or otherwise demonstrated that he has complied with E.D. Mich. L.R. 7.1(a).

To the extent that Plaintiff's motion recites the role of the Court, it is moot. The remaining portions of Plaintiff's motion ask the Court to acknowledge legal sentiments that are inaccurate and not in accordance with established law. Therefore, Plaintiff's motion is DENIED.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's "Motion to Demand this Court Read All Pleadings Plaintiff Files with this Court, and to Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, the Bill of Rights in Its Rulings" is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Claim and Exercise Constitutional Rights, and Require the Presiding Judge to Rule Upon this Motion for All Public Officers of this Court to Uphold Said Rights" is DENIED.

IT IS FURTHER ORDERED that paragraphs 1–50, 63, 75, 154, 166, 194, 220, 221, 226, 242, 272, 273, 287, 343, 365, 385, 398, 428, 429, 496, 497, 500, 557, and 559 are STRICKEN from Plaintiff's amended complaint.

IT IS FURTHER ORDERED that each Defendant shall have 75 days from the applicable date of service to file an answer to Plaintiff's amended complaint.

IT IS FURTHER ORDERED that Plaintiff shall not file any additional materials related to his Complaint and/or any other pending matters, including any motions addressed by the Court in this Opinion and Order, until such time as the Court has an opportunity to perform a preliminary screening of Plaintiff's complaint, as required by the United States Code. *See* 28 U.S.C. §§ 1915A, 1915(e).

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290